UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BEECHGROVE REDEVELOPMENT         *        CIVIL ACTION
PHASE II, L.L.C.

VERSUS                           *        NO: 09-4347

LORI WILSON, ET AL               *        SECTION: "D"(5)

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Withdrawal of Reference of Adversary Proceeding Number 09-1034" (Doc. No. 1)** filed by Beechgrove Redevelopment Phase II, L.L.C. (BGII); and

(2) **"Motion for Abstention" (Doc. No. 3)** filed by Lori Wilson, et al (Wilson).

Oral argument on both motions was heard on Wednesday, September 9, 2009. The court now rules.

**Timeline**

| | |
|---|---|
| March 9, 2003 | Wilson filed her personal injury suit in state court against Beechgrove Redevelopment, L.L.C. (BGI), Jefferson Housing Foundation (JHA) & Crown Properties (added by amendment) alleging injury from mold contamination in her apartment; **BGII was not named in state court case.** |
| October 24, 2007 | BGI and BGII file separate Petitions for Chapter 11 Bankruptcy (BGII argues that these cases were consolidated for procedural purposes only). |
| February 19, 2008 | Wilson filed a Proof of Claim only in the BGII bankruptcy; no claim filed in the BGI bankruptcy; Proof of Claim is related personal injury suit alleging mold contamination); Wilson argues that she learned <u>after</u> the bankruptcies were filed that BGII had acquired ownership interest in the subject apartment unit; thus she did not file a claim against BGI. |
| July 17, 2008 | BGII filed Objection to Wilson's Proof of Claim against BGII. |
| September 9, 2008 | Bankruptcy Court denied BGII's Objection without prejudice and directed BGII to pursue objection by means of an adversary proceeding.[1] |
| December 31, 2008 | Effective date of Amended Joint Plan of Re-organization. |
| April 3, 2009 | Some 3 months after Plan was effective and almost 7 months after Bankruptcy Court had directed BGII to institute an adversary proceeding, BGII initiated adversary case (Adversary No. 09-1034) the basis of which is Wilson's state court case alleging personal |

---

[1] *See* BGII's Memorandum in Support of Motion for Withdrawal, Doc. No. 1-2, p. 2.

| | |
|---|---|
| | injury from mold contamination in her apartment. |
| June 1, 2009 | Bankruptcy Court directed BGII to file Motion to Withdraw Reference |
| August 3, 2009 | Bankruptcy Court ruled that Wilson's "Motion for Relief from Stay" filed by Wilson was MOOT; Wilson had filed this motion to amend her state court petition to assert her claim against BGII; Wilson submits that her motion was moot because the automatic stay had been vacated by virtue of the confirmation of the bankruptcy plan |

## **Legal Analysis**

Considering the timeline (above), the facts and circumstances underlying this matter, the memoranda and argument of counsel, and the applicable law,

The court **GRANTS** BGII'S **"Motion Withdrawal of Reference of Adversary Proceeding Number 09-1034" (Doc. No. 1)**.[2] Here, the bankruptcy court cannot determine Wilson's Claim against BGII (an unliquidated personal injury tort claim) for purposes of plan distribution,[3] and pursuant to **28 U.S.C. §157(b)(5)**,

> [t]he district court shall order that personal injury tort an wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district

---

[2] Pursuant to 28 U.S.C. §157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

[3] See 28 U.S.C. §157(b)(2)(B).

court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. §157(b)(5).

At oral argument, counsel for Wilson conceded that BGII's Motion for Withdrawal should be granted. But in her memorandum in opposition to BGII's Motion for Withdrawal, Wilson also argued in part that: "an order modifying the automatic permanent injunction to allow the parties to litigate this personal injury claim in state court is clearly in the interests of justice."[4] (Doc. No. 11 at p. 2). Thus, the court finds that BGII was clearly on notice that the issue as to whether this court should lift the injunction was before the court, and BGII had ample opportunity to address this issue.[5] Accordingly, the court **MODIFIES** the injunction imposed by 11 U.S.C. § 524(a)(2)[6] for the limited purposes of

---

[4] Counsel for Wilson maintained this position at oral argument, in addition to her position that the court should abstain from hearing this federal proceeding.

[5] The court is also unpersuaded in principle or policy that, in this instance, the court (post-confirmation) has no authority to modify the injunction, while the bankruptcy court (pre-confirmation) has authority to lift the automatic stay in tort cases.

[6] Under **11 U.S.C. § 524**, "Effect of discharge,"

(a) A discharge in a case under this title-

(2) operates as an injunction against the commencement or continuation of an action

4

allowing Wilson to name BGII as a Defendant in the state court case.[7]

The court further exercises discretionary abstention under 28 U.S.C. §1334(c)(1)[8] and **GRANTS** Wilson's **"Motion for Abstention" (Doc. No. 3).**

The court finds that **modification of the injunction** imposed by 11 U.S.C. § 524(a)(2) (to allow Wilson to name BGII as a Defendant in her state court case) and **abstention** (of the federal proceeding

---

> ... to collect, recover or offset any such debt as a personal liability of the debtor ...

11 U.S.C. §524(a)(2).

[7] Whether or not BGI and BGII are substantially similar parties, whether or not these two entities operated as a "Single Business Enterprise," the effect of BGI's discharge in bankruptcy on Wilson's claims against BGII, and whether or not Wilson's claims against BGII are prescribed are all issues that can be litigated in state court.

[8] Pursuant to **28 U.S.C. §1334(c)(1)**,

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court **in the interest of justice, or in the interest of comity with State courts or respect for State law**, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1)(emphasis added).

5

to allow Wilson to pursue her claims against BGII in state court) are "in the interest of justice or in the interest of comity with State courts or respect to State law"[9] given that: Plaintiff sued BGI in state court and filed a Proof of Claim in BGII's bankruptcy case; there is an issue as to whether or not BGI and BGII are substantially similar; BGII filed its adversary proceeding post-confirmation;[10] there are other Defendants in Wilson's state court case; there is danger of piecemeal litigation, inconsistent rulings, and res judicata problems if litigation proceeds both in both federal and state court; and judicial efficiency and economy will be promoted with litigation proceeding only in state court.[11]

New Orleans, Louisiana, this **10th** day of **September**, **2009**.

                                      A.J. McNAMARA
                          UNITED STATES DISTRICT JUDGE

---

[9] *Id.*

[10] Had BGII initiated its adversary proceeding before Plan confirmation, Wilson would not be faced injunction imposed by 11 U.S.C. §524(a)(2).

[11] Wilson submits that she "does not intend to use the state forum for execution of the judgment. Wilson only intends to use the state forum for liquidation. Once a judgment value has been determined, Wilson intends to present the judgment to the Bankruptcy Court for payment." (Doc. 3-2, p. 6 at n. 14).